[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
On November 15, 1994 the North Branford Planning and Zoning Commission submitted an application to amend the North Branford Zoning Regulations relative to the definition of farms and the boundaries of water supply districts. The proposed amendments relative to the term "farm" affected three paragraphs of the regulations, i.e., § 6.13, 44.5.3 and 44.5.4. The net effect of the proposed modification and change in definitions was to allow a farm on four builder's acres with a total area of 160,000 square feet rather than the previously required five true acres with a total area of 217,800 square feet.
Under the North Branford regulations a farm has always been allowed to have unlimited livestock and that livestock could be within ten feet of the boundary. However, under the previous regulation if a landowner had less than five acres he could not have a farm and the number of animals which he could keep was specified in relation to the amount or land which he owned. In addition, since he could not have a farm, the animals must be kept 25 feet from boundaries. Therefore, although no change was made in the farm regulations, a result of the change reducing the area required for a farm was to allow an unlimited number of animals 15 feet closer to the boundary on a tract of land that was between 160,000 square feet and 217,800 square feet.
AGGRIEVEMENT
CT Page 11415
In the instant case aggrievement is not contested and the court finds that the plaintiff, Frank Frumento, is the owner of property affected by the change and is aggrieved.
DISCUSSION
This court has previously heard argument in Frank Frumento v.Zoning Board of Appeals of the Town of North Branford, et al., Docket No. CV94 0359507-S (X20). That case concerned the granting of a variance to one Paul D. Bradley to operate a farm on property that contained more than 160,000 square feet but less than 217,800 square feet. After the variance appeal was heard but before it was decided by this court the present zone change was approved by the Planning and Zoning Commission of the Town of North Branford. Following that approval the Town, on December 5, 1994, filed a motion to dismiss the variance case claiming that the case was moot. This court held a hearing on the motion to dismiss the variance case but withheld a ruling on the mootness issue and on the merits or the case pending a decision of the present appeal.
The court is convinced that there is truth in the assertion of the plaintiff that the possibility of the court finding the absence of hardship to support the prior variance contributed to the motivation of the Town of North Branford in making this zone change. However, the court recognizes that in Primerica v.Planning and Zoning Commission of the Town of Greenwich,211 Conn. 85, 96 (1989), the Supreme Court held:
 "In such circumstances, it is not the function of the court to retry the case. Conclusions reached by the Commission must be upheld by the trial court if they are reasonably supported by the record . . . . The question is not whether the trial court would have reached the same conclusion but whether the record before the agency supports the decision." [citation omitted]
At the meeting of December 1, 1994, Vice Chairman Gunn seconded by Secretary DeMatteo, moved to adopt the proposed amendment for the reasons listed in the staff memo or December 1, 1994. The staff memo of December 1, 1994 is found as Exhibit 7 in the Return of Record. That memo gives the background of the zone change and then contains a section entitled "Findings/Concerns". In the "Findings/Concerns" section there is a candid admission that "the amendments were formulated, in part, to respond to CT Page 11416 specific zoning cases brought to the attention of the Commission by local residents." While the applicable facts stated in the staff memo are uncontested, while the findings and concerns are no doubt accurate, and while the decision is to approve the change, there is nothing in the staff memo or the motion to approve the change which gives a reason for the zone change.
In examining the transcript the court finds that in the discussion of the proposed change, Commissioner DeMatteo noted that there had been widespread concern that the Town is threatened with losing its farming character (Record Exhibit 10 page 2). DeMatteo further expressed doubt that a reduction in the minimum lot requirement from 5 acres to 160,000 square feet would spark any unusual increase in the keeping of livestock. The proposed change was described by Commissioner Faughnan as "a significant part of our rural preservation strategy" (Record Exhibit 10 page 10).
In addition, at the trial on the matter, the attorney representing the Town requested the court's permission to have the Town Planner, Mr. Schultz, testily on the background and reasons for the zone change. The plaintiff, Mr. Frumento, had no objection to this testimony requesting only that he be allowed to cross examine Mr. Schultz. Cross examination was allowed. The court recognizes that the zone change may not be justified after the fact by Mr. Schultz's testimony. However, Mr. Schultz's testimony did expand upon the Town of North Branford's reasons set forth in less detail in the record. North Branford appears to have a municipal concern in maintaining small farms and its agricultural character. The court finds that this concern with its rural preservation strategy was sufficient to justify the zone change.
The court expresses some sympathy with the plaintiff's position that as the size of farms is lessened by amendment, attention to increased setbacks and rules controlling the number of livestock in relation to the acres should properly be considered. However, it is not the function of the court to write the North Branford Zoning Regulations. The court does not find the proposed regulation to be arbitrary or unreasonable.
For the foregoing reasons, the appeal is dismissed.
Kevin E. Booth, Judge CT Page 11417